IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


GRACE MANUFACTURING, INC.                                        PLAINTIFF


      v.              Case No. 08-2044


WALGREEN CO. and AZAD
INTERNATIONAL, INC.                                             DEFENDANTS

### <u>MEMORANDUM OPINION & ORDER</u>

      Before the Court are Defendant Azad's Motion to Dismiss for
Lack of Jurisdiction and Improper Venue, or to Transfer in the
Alternative (Doc. 13), Azad's Brief in Support (Doc. 14), Plaintiff
Grace's Response (Doc. 15), and Defendant Azad's Reply (Doc. 16).

      Also before the Court are Defendant Walgreen's Motion to
Dismiss for Improper Venue, or to Transfer in the Alternative (Doc.
17), Walgreen's Brief in Support (Doc. 18), and Plaintiff Grace's
Response (Doc. 19).

## A. Facts & Background

      Grace Manufacturing, based in Russellville, Arkansas, is the
manufacturer of a personal grooming device called the MICROPLANE.
A similar device, the PEDEGG, is sold by Walgreen and other
corporations, including Walgreen's store in Russellville. The
PEDEGG contains a stainless steel blade with an array of teeth
believed by Grace to be formed by a chemical etching process. Grace

1

claims that the etching process infringes on one of its patents.

Grace accuses Azad of importing and selling patent-infringing PEDEGGs for resale to Walgreen. Grace bases its claims of jurisdiction and venue on Walgreen's sales of PEDEGGs in Russellville, which is within the Eastern District of Arkansas. Since Defendants have not objected to venue on this basis, and do not seek transfer to the Eastern District, the Court considers that argument waived.

As part of its argument to dismiss for lack of personal jurisdiction, Azad submitted sworn declarations contesting the facts alleged in the amended complaint. Grace submitted its own sworn declarations in opposition. At this stage, the Court accepts the contents of Grace's complaint as true, except where contradicted by sworn declarations submitted by the Defendants. Where the declarations conflict, the Court accepts Plaintiff's version solely for the purpose of a Motion to Dismiss.

Azad submitted the declaration of Victor Khubani, President of Azad International. According to Khubani, all of Azad's employees are in New Jersey. All of Azad's records are located in its New Jersey office which is also where Azad's business is conducted. Azad has no office or mailing address, no telephone number, no bank account, and no real estate in Arkansas. Azad is not licensed or qualified to do business in Arkansas. Azad has never directly sold any products to Arkansas customers and has never had any direct

2

business dealings in Arkansas, or directly dealt with any Arkansas entity. Khubani states he has never traveled to Arkansas for any purpose.

The declaration of Bala Iyer, the executive Vice President of Telebrands Corporation, supports Khubani's declaration. Khubani and Iyer state that Azad's role in the sale of PEDEGGs was limited to financing activities, including providing financing to Telebrands for importation of goods, including the PEDEGG. Azad has not made, imported, or sold the PEDEGG, as Azad's sole involvement has been limited to financing for inventory purchase. According to Khubani and Iyer, all of those activities occurred in New Jersey and it was Telebrands that sold the PEDEGGs to Walgreen.

Grace counters Azad's declarations with its own declarations that support its assertion of jurisdiction and venue. Christopher Grace states that Victor Khubani told him that it was Azad that imported the PEDEGG. Christopher Grace further states that in a later telephone call, that Victor Khubani told him that Azad sold the PEDEGG to his sons, including the owner of Telebrands.

For the purposes of the Motion to Dismiss, the Court will accept Plaintiff's assertion that Azad actually bought PEDEGGs and sold them to Telebrands, instead of providing the financing. Therefore, Azad's only contacts with Arkansas consist of intermediation between the overseas manufacturer and Telebrands, the wholesaler.

3

**B. Personal Jurisdiction**

**1. Standard of Review**

Where personal jurisdiction is "intimately involved with the substance of the patent laws" Federal Circuit law applies. *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). The Federal Circuit has exclusive jurisdiction when jurisdiction is at least partially based on a patent claim. *3d Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).

When the parties have not conducted discovery, the plaintiff is only required to make a prima facie showing of personal jurisdiction. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). Pleadings, affidavits, and other materials must be construed in the light most favorable to the plaintiff. *Id.*

**2. Discussion**

The Plaintiff states its cause of action as a violation of 35 U.S.C. § 271, and sets out theories of direct infringement, active inducement to infringe, and importation of a patented product. This Court, therefore, has subject matter jurisdiction under 28 U.S.C. § 1338 and the Federal Circuit has exclusive appellate jurisdiction. 28 U.S.C. § 1295(a)(1). Where personal jurisdiction is "intimately involved with the substance of the patent laws"

4

Federal Circuit precedents apply. *Electronics For Imaging*, 340 F.3d at 1348. For personal jurisdiction, the Federal Circuit requires a district court to determine "whether an applicable statute potentially confers jurisdiction by authorizing service of process on the defendant, and whether the exercise of jurisdiction would satisfy the requirements of due process." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1349 (Fed. Cir. 2002). Rule 4 of the Federal Rules of Civil Procedure allows the Plaintiff to rely on the state long-arm statute in which the district court sits for service of process and then personal jurisdiction. *See id.* at 1350.

The Arkansas long-arm statute authorizes jurisdiction over corporations to the fullest extent permitted by constitutional due process. Ark. Code Ann. § 16-4-101. Therefore, the issue is whether this court's exercise of personal jurisdiction over Azad comports with due process.

Courts may exercise personal jurisdiction under a theory of either general or specific jurisdiction. General jurisdiction requires continuous and systemic contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). For specific jurisdiction, the controversy must arise out of the contacts with the forum, and the foundation of personal jurisdiction lies in the "relationship among the defendant, the forum, and the litigation." *Helicopteros*, 466 U.S.

at 414.

The Federal Circuit has reduced the relevant Supreme Court cases concerning the due process limits on specific personal jurisdiction to a three element test. First, the Defendant must purposefully direct its activities at residents of the forum state. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995). Second, the alleged injuries must arise out of or relate to its activities in the forum state. *Id.* Finally, the Court must inquire into the fairness of exercising jurisdiction. *Id.*

The fairness inquiry, the third prong of the Federal Circuit test for personal jurisdiction, requires the examination of five factors: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Electronics for Imaging*, 340 F.3d at 1352. This five factor test concerns fair play and substantial justice. *Id.* at 1350.

The third prong exists to test for the rare cases where the defendant has minimum contacts, but where it "would be unreasonable for the forum to assert jurisdiction under all the facts and circumstances." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994). Cases where the third prong is

6

dispositive are rare and limited to the situations where "the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation in the forum." *Id.*

The legal contours of purposeful direction of activities at residents of a state are still unsettled. It is clear that a consumer's unilateral act that brings a product into a forum is not sufficient to establish personal jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). What is less clear is whether a company that serves as a mere channel in the stream of commerce is subject to personal jurisdiction wherever products it handles are eventually sold. The Supreme Court's rationale from *World-Wide Volkswagen* is that a party that purposefully directs its activities at a jurisdiction purposefully avails itself of the laws of the jurisdiction and receives the benefit of the legal protections therein. *See id.* at 297. By taking advantage of these legal protections, the defendant is subject to clear notice of suit based on the laws of the jurisdiction. *Id.* Because of this clear notice, the party has the ability to reduce its litigation risk. *Id.* The most recent Supreme Court decision on the issue failed to produce a majority of whether something more than mere placement in the stream of commerce is necessary to establish personal jurisdiction. *See Asahi Metal Industry, Co. v.*

7

*Superior Court of California, Solano County*, 480 U.S. 102 (1987).

The most relevant Federal Circuit case is *North America Philips Corp. v. American Vending Sales, Inc.* 35 F.3d 1576 (1994). In *North America*, the defendants lacked any physical presence in Illinois. *Id.* at 1577. They sold video games to distributors based in Illinois and participated in trade shows to promote product sales. *Id.* at 1577-78. The Federal Circuit panel reasoned that the defendants were conscious that the products were destined for Illinois and were parties to the importation into the forum state. *Id.* at 1578. Because the defendants were parties to the importation, the panel thought it appropriate that they be subject to liability based on the importation into the state. *Id.*

Patent infringement is generally recognized as a tort. *See Schillinger v. U.S.*, 155 U.S. 163, 170 (1884). The Federal Circuit views patent infringement as a tort in a loose sense, since the cause of action for patent infringement is a statutory creation. *North America*, 35 F.3d at 1579. The Federal Circuit has interpreted the statute to mean that the situs of the injury for an infringing sale is the location of the sale, not the location of the patentee. *Beverly Hills Fan Co.*, 21 F.3d at 1571. It is also noteworthy that 35 U.S.C. § 271(b) is not a separate source of liability for an alleged patent infringer, and therefore cannot be an additional source of contacts that need to be analyzed for due process purposes. *See Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137,

8

1141 (7th Cir. 1975).

The starting point for personal jurisdictional inquiry is the type of personal jurisdiction at issue. Azad's contacts with Arkansas consist, at most, of selling products to Telebrands that were then sold in Walgreen's stores in Arkansas. According to the Declaration of Victor Khubani, Azad's President, all of Azad's employees work in New Jersey, and Azad is not involved in the marketing, sale, or further distribution of the PEDEGG. Azad has never sold any products directly to Arkansas customers nor had business dealings in Arkansas. These statements are uncontroverted by Grace's declarations. Therefore, Azad's contacts do not support general personal jurisdiction by a court in Arkansas, and the Court must now determine whether specific jurisdiction exists.

For the purpose of a Motion to Dismiss, Azad imported PEDEGGs into the United States and sold them to Telebrands, who then sold the PEDEGGs to Walgreen, who sold them in Arkansas. Azad thus participated in the stream of commerce. However, this case is distinguishable from *North American* in that neither Azad, Telebrands, or Walgreen was based in Arkansas. Azad was not a real distributor; Azad only sold PEDEGGs to closely affiliated businesses, making Azad one more step removed from the forum state than the defendants in *North American*. Azad was not then a direct party to the importation of PEDEGGs into Arkansas. Finally, since Azad did not make the PEDEGG, its contacts with the PEDEGG were not

9

so much an acts of placing items in the stream of commerce as participating in the stream of commerce.

The alleged sale of PEDEGGs took place in New Jersey, between two New Jersey companies. Therefore, the situs of the alleged tort is New Jersey, the location of the sale, and not Arkansas, the location of the patentee. The allegedly infringing sale by Azad is separated from the retail sale in Arkansas by an intervening sale. At most, Azad imported PEDEGGs and resold them to a closely affiliated business without alteration. The sale of goods between two New Jersey corporations where the goods were eventually sold in Arkansas can not amount to purposeful direction of activities at residents of Arkansas. Exercising personal jurisdiction in this case would violate due process. Grace's action against Azad is hereby dismissed for lack of personal jurisdiction.

## C. Venue

The venue statute for patent infringement is 28 U.S.C. § 1400(b). The statute allows civil actions for patent infringement to be brought either "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id.* For corporate defendants, the Federal Circuit uses the definition of resides found in 28 U.S.C. § 1391(c). *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). For venue purposes, a corporate defendant resides in any judicial district in

10

which in which it is subject to personal jurisdiction at the time the action is commenced. *Id.*

As discussed above, Azad's allegedly infringing sale, which is the situs of the tort, occurred in New Jersey. Azad is incorporated in New Jersey, and has its principal place of business in New Jersey. Azad has no place of business in Arkansas, and no Arkansas court has personal jurisdiction over Azad. Therefore, venue is improper for Azad.

The infringing acts of Walgreen, the sale of PEDEGGs, took place in Arkansas. Walgreen has many places of business in Arkansas. With the dismissal of Azad, the Court sees no reason to transfer venue to New Jersey. Both Plaintiff and its testing company are in Arkansas. Walgreen has shown no more ties to New Jersey than Arkansas, and Walgreen's argument that most material witnesses are located in New Jersey is entirely speculative. Accordingly, the Court finds that venue is proper.

**D. Conclusion**

Defendant Azad's 12(b) motion to dismiss is **GRANTED**, both for lack of personal jurisdiction and improper venue, and Plaintiff Grace's Complaint against Azad is **DISMISSED WITHOUT PREJUDICE.** Defendant Walgreen's motion to Dismiss for Improper Venue or transfer is **DENIED.** Walgreen Co. is directed to answer Grace's complaint.

11

IT IS SO ORDERED this 3rd day of November, 2008.

/S/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge